Good morning, my name is Vicky Marol Buchanan. I'm here on behalf of Feliciano Sanchez. The real issue in this case is whether the district court abused its discretion in refusing to allow a withdrawal of the guilty plea in this particular case. The parties in this case agree that there was a sexual encounter on May 15, 2007 between Mr. Sanchez and the victim, R.H. Two years later, a jury, after an extensive jury trial, found that Mr. Sanchez was innocent. Do you have any case that says that the assertion of the claim of innocence is sufficient reason, fair and just reason, or whatever the phrase is, to allow a withdrawal of a guilty plea? I have none from this district. I have some cases that I cited that say that. Nothing that is as – perhaps it's dicta. It says, you know, a fair and just reason is actual innocence. There are several cases from the Third District and others that talk about it. If you're talking about the Third Circuit? Third Circuit that talk about it. Nothing that specifically says a claim of innocence. But he didn't argue actual innocence. He argued he had a plausible defense. Well, in one of his statements that his lawyer put forward in the pleading, which was pretty inadequate, it's probably not inadequate to rise to the level of being inadequate representation for a direct appeal. He didn't put in much of anything in that particular document, even though the client had given him extensive documentation. But he did put, as one of his reasons for allowing the withdrawal of the plea, was the fact that he was actually innocent. That was one of the things, in fact, that the judge actually ruled upon. She, in making her findings a fact at the hearing to withdraw, which the attorney presented seven months after he was hired to file the withdrawal motion, and didn't bother to argue. No, but the only suggestion of his innocence is his own testimony, right? No. It's not his own testimony. Four jurors actually found he was innocent. So that is as good a matter of law as you can get. No, they found that the government didn't prove that he was guilty beyond a reasonable doubt. If you look back at the colloquy with the jurors after the case, they said that the finding on the record said not guilty. But not guilty and innocent are not the same thing. No, but it is. They're not the same thing. I understand that, you know, with the burdens of proof. But if you look back at the April 15th transcript, for instance, the one that was with the court immediately following the trial, read that entire transcript. That was two weeks later, and the judge's very bolstered Mr. Sanchez's case. Some people in a jury that was hung found him innocent, and some people found him thought he was guilty. What does that tell us? It doesn't tell us anything. He pled guilty. He did plead guilty, and it was he claimed that it was a coerced guilty, because all of a sudden on April 15th they were going to trial. The judge had said that the case was a good case, that he had a plausible case. She didn't find the other attorney to be the other witness to be credible. And, in fact, the reason the case was set out for six weeks was because the defense attorney said he had all kinds of motions to file, like, for instance, whether or not R.C. would be allowed to testify, a variety of motions. And what did he do? Nothing. Instead of going to the trial readiness conference, he talked Mr. Sanchez into a plea, which really didn't get him anything. But if he's guilty, how did he limit his exposure? What was the top of his exposure? The top of his exposure is if they had gone ahead with the 924 gun charges. Okay. So he limited his exposure. He got less time than he would have if he had been convicted of everything. And that was after he'd had a trial, where some people thought he did everything, right? I don't know about the gun charges. Certainly they did find him on the civil rights charges. But the other charges, in terms of the gun charges, if you read through the testimony again. Well, it's just that it's not that. But what you're talking about, for people that have been trial lawyers, either defense lawyers or prosecutors, and people that have been trial judges, it's not at all uncommon where there's a hung jury, that after that some sort of disposition comes out of it that's lesser than the ultimate exposure. It's not an all-or-nothing thing, and people decide to take it. And it, you know, it happens all the time. It doesn't mean that they're innocent. You know, he pled guilty. Well, that is true. And that's the problem. The problem with the case was that the withdrawal of a guilty plea should be allowed generously. It should be allowed. He immediately felt that he had been guilty. No, that's not the standard. You can withdraw your plea generally if you want to. What is the standard? The standard is that there has to be a basis. You have to be innocent. I mean, you have to have a claim of innocence that there was a fair and just reason for him to withdraw his plea. That's what I was asking. How has the term fair and just reason been defined in the decisions of this circuit or any other? One of the fair and just reasons is that there is a plausible claim of innocence. What case is that? I'm not sure of the case. I can check when I get back. But that is one of the cases that was mentioned in one of the bases that was mentioned in one of the cases, several of the cases. Well, I haven't been able to find a case, which is why I asked you, that says if you have a plausible claim of innocence, that's a fair and just reason. That would certainly help your argument. But I think you ought to be prepared to give us a case to that effect. As I said, the only thing was that part of the cases that talk about several factors that are involved and that there are cases that did talk about a fair and just reason. Well, what's the best of those cases you have? If I can, let me look at, if I. All right. Why don't you sit down and save the rest of your time for rebuttal and tell us why your argument that there's a plausible claim of innocence is sufficient to establish a fair and just reason. Okay. April Anderson for the United States, Your Honors. This court stated. I'm sorry, what's your name? April Anderson. Thank you. This court stated in Ortega-Oscanio. Could you try to speak up a little bit? I'm having trouble. I'm sorry, Your Honor. This court stated in Ortega-Oscanio that fair and just reasons for withdrawal of a plea include inadequate Rule 11 plea hearings, new evidence, intervening circumstances, or any other circumstance that did not exist at the time of the plea. But here Mr. Sanchez points to three circumstances, and I should note they're not circumstances that he raised with the district court at the time he made the motion. First. Do you believe that statement is exclusive? In other words, if you don't fall in one of those categories, are you necessarily out no matter what? Those are the categories this court has described. So this court would be making new law if it were to adopt. Well, new law isn't the worst thing in the world. Yes, Your Honor. And all law is new sometimes. That's true, Your Honor, but there is no precedent under this court for what defendant is arguing. And even if we were to accept that a plausible claim of innocence is a new extension of the law that should be made, let's look at the evidence that Mr. Sanchez presents. It's not actually evidence of innocence, and it's not something that was presented to the district court. He claims that he made some pauses during his change of plea hearing, and he wants us to infer evidence from that. Those pauses really aren't evidence of anything. They perhaps indicate that he took his time, that he considered seriously before making the plea. In this plea, he benefited greatly. He not only escaped the firearms charge that my opponent mentioned, but he was also charged differently under Section 242. He could have been charged under Section 242 with a crime that involved aggravated sexual assault, and that would have changed the mandatory release. Was that a reduction from what he was charged with in the first trial? Yes, Your Honor. In fact, he had an extensive exposure of life in the first trial, and there was no by pleading guilty, he changed the statutory mandatory maximum because the United States charged him under 242 without the use, the circumstance of aggravated sexual abuse. What was the maximum in the first trial that he faced? Life imprisonment, Your Honor. And the maximum here? Statutory maximum of 10 years, and he received nine years on account of the district court's leniency. And if we consider the other supposed evidence. So there was considerable advantage to him taking that after a first jury had deadlocked, and how many people, the deadlock was what, 8-4? 8-4, Your Honor. So eight jurors had decided that the government had enough evidence. So 8-4, more guilty. Life to 10. It's a considerable benefit, Your Honor. And I think those pauses in the hearing show that the court and the defendant took this seriously. There's no evidence of innocent to be inferred in those pauses. Well, the whole, I think, like Judge Wardlaw had referenced, there really was never any dispute whether he was there with the alleged victim. It was whether it was a consensual act or because there was physical evidence that indicated that there had been a sexual act, correct? Yes, correct. And there's other evidence that supports him being at the scene. So we're not talking a mistaken identity. It's just really an issue of was it consensual or was it against the person's will or was it in violation of the color of authority or any number of things. Yes, Your Honor. Mr. Sanchez told the jury that he actually pulled over, stopped, got out of his vehicle, went around to the backseat to ask the victim for directions, and that at that point she grabbed him and he went along with it, as he phrased it. Most of the jurors didn't buy that story, and they decided to convict Mr. Sanchez. Well, it was a he said, she said. It was a credibility thing. Yes, Your Honor. We would submit that Mr. Sanchez's story is implausible. GPS shows that he stopped at that place for five minutes, and he has to explain what happened there by saying that he got out of his car and went around to the back and opened the door in order to ask directions. But regardless, there's simply no evidence of innocence that Mr. Sanchez can point to. The other factors that he suggests are that statements made at a bail hearing, a few of the statements were actually questions, go to his innocence. And that's simply not the case. Indeed, this Court has never held that a hung jury is evidence of innocence. And the other important thing to consider about those events is that none of them occurred or came to light after he pled guilty. So this doesn't fall into the rule this Court has set, that changes in circumstances or circumstances that didn't exist at the time of the plea are a fair and just reason for withdrawing a guilty plea. Were you sent out here from Washington, D.C., to argue this? Yes, Your Honor. That's unusual, isn't it? No, Your Honor. I work at the Civil Rights Division of the Department of Justice. We handle a lot of these 242 cases. And when they're called for argument, we come to them. What do you mean by 2.2? The deprivation of the civil right by a law enforcement officer? Yes, Your Honor. It has an element of under color of law. You don't mean you were sent out to handle a lot of cases involving sexual assaults? No, Your Honor. But we handle a lot of cases involving Section 242, including sexual assaults perpetrated by police officers, sometimes prison guards. All right. Anything further? If I could briefly address the defendant's issue of appeal of his sentence, there was a plea waived. I don't think the defendant argued that in the oral argument. No, Your Honor. So we'd just like to point out that that was waived. No, it's not waived. But usually we don't. If the appellant doesn't argue an issue, we don't. I mean, I don't mind if you really want to do it. You came a long way, so. I simply wanted to say, Your Honor, that there is an appeal waiver here, so we would ask that this Court would. And that goes to the sentencing disparity argument. That goes to the sentencing issue, that it's not properly before this Court. So we would ask that this Court would affirm the conviction and dismiss the appeal of the sentence. If there are no other questions, Your Honors, I will sit down. Thank you, counsel. In terms of the cases that we relied upon, the one case was United States v. Smith. That's out of Pennsylvania. And another case I. Is that the district court or the 10th? That's the district court. There's another case out of the 10th Circuit that has the same sort of language. I don't think I referred to that. This is something I probably researched and prepared for all of you. Counsel, don't you, even if you were going to make your motion based on actual innocence, wouldn't you have to show some evidence of actual innocence? Other than what is, well, in terms of actual innocence in a different phase in the case, perhaps, in terms of whether he has the basis to withdraw his plea. Well, you're saying his fair and just reason is that he's actually innocent. Well, his testimony. I guess as you said earlier, I believe, you know, his testimony. It's his story versus her story versus the length of time that the matter transcribed. In addition. Well, you were claiming that he paused, too. He paused. In the plea. During the trial, during the plea. Yes, during the factual allegation. So we're supposed to infer from that a pause? Well, he talks to his counsel at the time he's being asked about the factual basis. Unfortunately, the record on this case in terms of the withdrawal of the plea is not very well developed. That's a fact. Is there a civil suit, too, in this case? What's that? Is there a civil suit pending? There was a civil suit that was then settled after the plea of guilty was entered in this particular case. One thing that happened in this case that didn't happen in the case before this, and it's part of the record, but it wasn't part of the major part of the arguments. Before sentencing in this case, there was a psychological exam of Mr. Sanchez. And the reason there was a psychological exam of Mr. Sanchez is because his insistence on allocuting at the time of sentencing that he professing his innocence. In other words, in his case, they were afraid that he was insane because he was going to profess his innocence and talk about the victim and talk about forgiveness and all of these things that he did. Oh, that statement is pretty. The statement is very – as a trial lawyer, that statement is very hard to hear. Right. On one hand, it could mean he's insane. On the other hand, it could really mean that he really is innocent. Or that he's blaming the victim. Well, it could be that he's innocent. So that's the other alternative. It's hard to read, but it is an alternative. And Mr. Sanchez certainly has professed that throughout the proceedings. Thank you, Counsel. Thank you. The case just argued will be submitted. The next case on the calendar for oral argument is the United States v. Jimenez Sanchez. Jimenez. Jimenez Sanchez. I'll sign that as an opinion.
judges: Reinhardt, Wardlaw, Callahan